UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANE EDWARD C., | Case No. 4:24-cv-00508-DCN-REP |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION & BACKGROUND

On November 9, 2021, Plaintiff Lane Edward C. applied for disability and supplemental security benefits from the Social Security Administration. That application was initially denied on May 2, 2022, and denied again on reconsideration on November 18, 2022. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on December 18, 2023. The ALJ denied Plaintiff's request as well. Plaintiff then sought review of the ALJ's decision with the Social Security Administration's Appeals Council, but the Appeals Council denied review on September 9, 2024, making the ALJ's decision the final decision of the Commissioner.

Plaintiff then brought this case, seeking judicial review of the Commissioner's decision. The undersigned referred this matter to Chief Magistrate Judge Raymond E. Patricco, who issued a report and recommendation ("the Report") that the Court affirm the Commissioner's decision, deny the petition for review, and dismiss the action. Dkt. 27.

ORDER ADOPTING REPORT AND RECOMMENDATION– **1**

Plaintiff objected to the R&R. Dkt. 28. He argues Judge Patricco erroneously rejected his "cherry-picking" argument (i.e., that the ALJ's decision was not supported by substantial evidence because it relied on isolated statements supporting the decision but ignored the weight of the record which, as a whole, contradicted the ALJ's conclusion). The Commissioner has responded. Dkt. 29

For the reasons stated below, Plaintiff's objection is overruled and Court accepts and adopts the Report in its entirety.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." When a party objects to the report and recommendation, the district judge "shall make a de novo determination of those portions of the report to which objection is made." *Id.*

For the Court to uphold the ALJ's decision, it must be both supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(citation omitted); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). With respect to questions of fact, the Court is to review the entire record to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Put differently, the Court's role is not to decide whether the ALJ was correct, but to determine whether the ALJ's decision was reasonable and supported by substantial evidence. Only if the ALJ was unreasonable can the Court strike down the decision.

### III. DISCUSSION

Plaintiff's objection turns on the ALJ's interpretation of the findings of James Bruce, Ph.D. Dr. Bruce opined that Plaintiff had a marked limitation in sustaining concentration, persistence, and pace, and moderate to marked limitations in social situations. Although the ALJ found Dr. Bruce's opinion partially persuasive, she rejected his marked limitation finding because it was not supported by his consultative findings and belied by other evidence in the record. Plaintiff believes the ALJ wrongfully rejected Dr. Bruce's marked limitation findings because she cherry picked certain aspects of Dr. Bruce's findings while ignoring the other findings Dr. Bruce relied on to find marked limitations.

For cases filed after March 27, 2017, federal regulations require ALJs to consider four enumerated factors when determining the persuasiveness of medical opinions:

ORDER ADOPTING REPORT AND RECOMMENDATION– **3**

supportability, consistency, the provider's relationship to the claimant, and specialization. 20 C.F.R. § 416.920c(c)(1)–(4). If the ALJ identifies any unenumerated but relevant factors—for instance, when the provider is aware of other evidence in the record—the ALJ must consider those factors as well. 20 C.F.R. § 416.920c(c)(5).

Supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(a). Both factors are considered on a sliding scale. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). Likewise, "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 416.920c(c)(2). If there is substantial evidence to support the ALJ's persuasiveness finding, the Court must affirm. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

Dr. Bruce found Plaintiff presented with unkempt hair and appeared to be tired but was friendly and cooperative. Dkt. 13, at 624. Plaintiff appeared to have an at least normal IQ based on his language and expression of concepts. *Id.* His eye contact was comfortable and natural, and his body movement was normal. *Id.* Dr. Bruce reported Plaintiff as demonstrating a flat affect and noted the Plaintiff reported experiences consistent with anxiety, rumination, and suicidal ideation. *Id.* at 625. Plaintiff was reported as demonstrating poor insight but also motivation to grow as a person. *Id.* Critically, although Plaintiff reported feelings of hopelessness, distrust of others, and negative expectations, Dr. Bruce observed that such feelings were inconsistent with his demonstrated affect with

ORDER ADOPTING REPORT AND RECOMMENDATION– **4**

respect to self-talk, which Dr. Bruce described as positive and adaptive. *Id.*

Here, the ALJ found Dr. Bruce's consultative examination findings supported a conclusion of moderate, but not marked, limitations. *Id.* at 48–49. Regarding supportability, the ALJ observed Dr. Bruce noted the Plaintiff was friendly, cooperative, and held comfortable, natural eye contact, which diminished support for his marked limitations finding. *Id.* The Court also notes Dr. Bruce found Plaintiff to be of at least average IQ and possessed positive and adaptive self-talk. *Id.* at 624–25. Accordingly, the ALJ could rationally have considered Dr. Bruce's findings supported moderate limitations, but unsupported as to marked limitations based on Plaintiff's demeanor. *See Richardson*, 402 U.S. at 401; 20 C.F.R. § 416.920c(c)(1) (supportability is not binary; an opinion is persuasive in proportion to the evidentiary basis which supported the provider's opinion).

The ALJ also found that some of Dr. Bruce's findings which did support limitations were inconsistent with the record evidence. Dr. Bruce found Plaintiff moderately disheveled and noted a flat affect, constant anxiety, and self-reported psychological malaise. On December 27, 2021, a counselor recorded Plaintiff as appearing to be well-groomed, demonstrating good hygiene, possessed of an appropriate thought process and mostly appropriate thought content, an appropriate affect, good concentration and short term memory, and oriented to person, place, time, and situation. Dkt. 13, at 400–01. Again on September 15, 2022, Plaintiff appeared to a provider to have logical and organized thoughts. Dkt. 13, at 694.

An ALJ may err by totally discounting a claimant's limitations based on isolated data which cut the other way. *See, e.g.*, *Spruyt v. Berryhill*, 2020 WL 6586243, at *7 (D.

ORDER ADOPTING REPORT AND RECOMMENDATION– **5**

Idaho Nov. 10, 2020). But this is not such a case. The ALJ did not totally discount the possibility that Plaintiff was limited. She found that evidence in the record suggested Plaintiff had moderate but not marked limitations. The ALJ's conclusion was a fair inference from the record. Although Plaintiff often self-reported anxiety, irritability, and a negative outlook, he also appeared at different times and to different providers to be attentive, engaged, and motivated to improve. A reasonable mind might find such evidence adequate to support the conclusion that moderate, but not marked, limitations were appropriate. *See Richardson*, 402 U.S. at 401.

For these reasons, the Court does not believe the ALJ engaged in "cherry-picking" or otherwise misconstrued the record. Dr. Bruce's findings appear to the Court genuinely capable of supporting only moderate limitations when viewed in their entirety and in the record's broader context. Accordingly, the Court OVERRULES Plaintiff's objection to the Report.

## IV. CONCLUSION

Upon an independent review of the record and the Report, the Court finds Plaintiff's objection to the Report is unfounded.

## V. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Report and Recommendation entered on February 17, 2026, Dkt. 27, is INCORPORATED and ADOPTED in its entirety.

2. Plaintiff's Petition for Judicial Review is DENIED.

3. The Commissioner's decision is AFFIRMED.

ORDER ADOPTING REPORT AND RECOMMENDATION– **6**

4. This action is DISMISSED with prejudice and the case is CLOSED.

DATED: May 4, 2026

David C. Nye
U.S. District Court Judge

ORDER ADOPTING REPORT AND RECOMMENDATION– 7